DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| DALE and JAN SUKOW as PERSONAL REPRESENTATIVES FOR THE ESTATE OF MARCUS SUKOW,<br><br>      Plaintiffs,<br><br>      v.<br><br>WILLIAM G. CLARKE, in his individual and official capacity as SPECIAL AGENT WITH THE BUREAU OF ALCOHOL, TOBACCO, FIREARMS AND EXPLOSIVES; and THE UNITED STATES OF AMERICA,<br><br>      Defendants. | Civil No. 2010-102 |

ATTORNEYS:

**Vincent A. Colianni, Esq.**
Colianni & Colianni
St. Croix, VI
    *For the plaintiffs,*

**Glenn S. Greene, Esq.**
United States Department of Justice
Washington, DC
    *For the defendants.*

## MEMORANDUM OPINION

**GÓMEZ, C.J.**

Before the Court is the motion of the defendants to dismiss on the ground that the plaintiffs lack standing; or, in the alternative, to stay the proceedings until such time as the issue of standing may be resolved.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

On September 7, 2008, the defendant William G. Clarke ("Clarke"), a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATFE"), shot and killed Marcus Sukow.

On September 7, 2010, the plaintiffs Dale and Jan Sukow (collectively, the "Sukows"), acting as representatives of the Estate of Marcus Sukow, initiated this action. They seek relief pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) and the Federal Tort Claims Act for injuries stemming from the allegedly wrongful death of Marcus Sukow.

On April 30, 2012, Dale Sukow petitioned the Superior Court of the Virgin Islands (the "Superior Court") for an order appointing him as personal representative of the Estate of Marcus Sukow (the "Petition"). In that Petition, Dale Sukow represents that "[Marcus Sukow] was divorced at the time of his death." (Defs.' Ex. D. ¶ 4.) Thereafter, on May 17, 2012, the Superior Court appointed Dale Sukow as personal representative of the Estate of Marcus Sukow. The appointment was made effective retroactively to the date of the initiation of this case.

It has subsequently been revealed, and the Sukows now concede, that at the time of his death Marcus Sukow was married to Courtney Wallis. In light of this information, the defendants Clarke and the United States of America (the "United States")

now move for a dismissal or a stay of these proceedings on the ground that Dale Sukow is not the appropriate personal representative of the Estate of Marcus Sukow.

## II. DISCUSSION

Clark and the United States challenge this Court's jurisdiction on the basis of evidence which undermines the jurisdictional allegations of the Amended Complaint. Subject-matter jurisdiction may be challenged by either "a facial attack on the complaint," *Doe v. Goldstein's Deli*, 82 F. App'x 773, 775 (3d Cir. 2003) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977), or a factual challenge, which "question[s] the existence of subject matter jurisdiction in fact, apart from the pleadings." *Id.* "The latter concerns 'an alleged pleading deficiency' whereas a factual attack concerns 'the actual failure of a plaintiff's claims to comport factually with the jurisdictional prerequisites." *CNA v. United States*, 535 F.3d 132, 139 (3d Cir. 2008). Accordingly, in considering a factual attack, the court must "weigh the evidence"--including evidence outside of the pleadings--"and satisfy itself as to the existence of its power to hear the case." *Goldstein's Deli*, 82 F. App'x at 775; *see also CNA*, 535 F.3d at 139 (noting that in a factual challenge, "no presumption of truthfulness attaches to the allegations of the plaintiff").

Regardless of the form of the challenge, "[t]he plaintiff always bears the burden of convincing the court, by a preponderance of the evidence, that the court has jurisdiction." *Goldstein's Deli*, 82 F. App'x at 775 (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936); *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

The basis for Clark and the United States' factual attack on this Court's jurisdiction is that the Sukows lack standing. Article III, Section 2 of the United States Constitution restricts "judicial power" to the resolution of "Cases" and "Controversies." *See Sprint Commc'ns Co., L.P. v. APCC Servs., Inc.*, 554 U.S. 269, 273 (2009). "That case-or-controversy requirement is satisfied only where a plaintiff has standing." *Id.* To establish Article III standing, a plaintiff must allege:

> (1) an injury in fact (i.e., a "concrete and particularized" invasion of a "legally protected interest"); (2) causation (i.e., a "fairly . . . trace[able]" connection between the alleged injury in fact and the alleged conduct of the defendant); and (3) redressability (i.e., it is "likely" and not "merely speculative" that the plaintiff's injury will be remedied by the relief plaintiff seeks in bringing suit).

*Id.* (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (further quotation omitted))

### III. ANALYSIS

The Sukows argue that Dale Sukow has standing to bring this claim because he was the appointed personal representative of the Estate of Marcus Sukow.

A federal court must look to the law of the state in which it sits to determine whether a civil-rights claim may survive the death of the victim. *See* 42 U.S.C. § 1988(a); *Carringer v. Rodgers*, 293 F.3d 1299, 1301 (11th Cir. 2002) (citing *Brazier v. Cherry*, 293 F.2d 401 (5th Cir. 1961)) (certifying the question of standing to pursue a Section 1983 claim to the Georgia Supreme Court). Similarly, the liability of the United States under the Federal Tort Claims Act ("FTCA") is contingent on state law. *See* 28 U.S.C. § 1346(b); *Molzof v. United States*, 502 U.S. 301, 312 (1992) (noting that state law would determine whether a spouse had standing to pursue claims on behalf of her permanently comatose husband under the FTCA).

In the Virgin Islands, a tort or other wrongful act that results in the death of the victim survives and is not abated by the victim's death. V.I. CODE ANN. tit. 5, § 76(d). Such an action "shall be brought by the decedent's personal representative . . . ." *Id.* This provision does not eliminate the rights of survivors or beneficiaries. It was intended instead merely to "eliminate multiple suits arising out of the decedent's death by 'forcing all survivors to assert their

claims in a single lawsuit.' " *Mingolla v. Mingolla Min. & Mfg. Co.*, 893 F. Supp. 499, 505 (D.V.I. 1995) (quoting *Leonard v. Government of the Virgin Islands*, 17 V.I. 169, 172 (V.I. Terr. Ct. 1980)).

A personal representative is an "executor, administrator, successor personal representative, or special administrator of a decedent's estate or a person legally authorized to perform substantially the same function [as an estate administrator]." V.I. CODE ANN. tit. 15, § 1251b(m). In the Virgin Islands, a personal representative must be appointed by a court. *See* V.I. CODE ANN. tit. 15, § 236; *Hatchette v. WICO, Ltd.*, 17 V.I. 549, 551 (D.V.I. 1980). In determining who shall be a personal representative, the court must give first priority to "the widow or next of kin, or both, in the discretion of the court . . . ." V.I. CODE ANN. tit. 15, § 236(a)(1); *see also Hatchette*, 17 V.I. at 551 (applying section 236 in a wrongful death action).

"Where the deceased is survived by a spouse, Section 237 of Title 15 [of the Virgin Islands Code] dictates that the spouse have priority over the other persons named in Section 236, unless the spouse does not apply with[in thirty days of the decedent's death], or [the spouse] is proven unqualified or incompetent, or there has been some testamentary disposition naming another as the estate's administrator." *In re Estate of Ledee*, 37 V.I. 37, 40 (V.I. Terr. Ct. 1997) (citing V.I. CODE ANN.

tit. 15, § 237.) Where a spouse has not petitioned to be appointed personal representative, another person seeking such appointment must serve the spouse and "the remaining heirs with a copy of [the] Petition" or else provide "individual waivers." *Id.*

In *In re Estate of Ledee*, 37 V.I. 37 (V.I. Terr. Ct. 1997), the son of a decedent sought to be appointed the personal representative of the decedent's estate. The court first noted that the decedent was married at the time of her death. *Id.* at 40. As the decedent's spouse did not petition to be appointed personal representative within thirty days of the decedent's death, "the [son] and [the spouse] st[ood] on equal footing . . . ." *Id.* However, in filing his petition, the son had failed to serve "[the spouse] or the remaining heirs with a copy of his Petition . . . , [and] has [not] provided individual waivers." *Id.* at 41. The court thus denied the son's petition, but it did not dismiss the action. Instead, it granted the son fifty days to serve the petition on the spouse and remaining heirs and thereafter resubmit his petition. *Id.* at 41, 45.

In the present case, Dale Sukow in his petition to be appointed personal representative averred that Marcus Sukow was unmarried at the time of his death. As Marcus Sukow was in fact married, and as Marcus Sukow's spouse, Courtney Wallis ("Wallis"), was not given an opportunity to object to the

appointment of Dale Sukow as personal representative, Dale Sukow failed to comply with the service provision of the applicable law. *See Ledee*, 37 V.I. at 41. Additionally, the Superior Court appointment was made on the basis of an incorrect statement regarding the marital status of the decedent. The appointment of Dale Sukow might thus be arguably clouded and voidable.

However, our inquiry cannot end here, for Dale Sukow was granted a facially valid, if voidable, appointment. A judgment based on mistake is "merely" voidable. *See* RESTATEMENT (SECOND) OF JUDGMENTS, §§ 68(3) (1980). By contrast, a judgment is void only if the issuing court lacks subject matter jurisdiction or personal jurisdiction over the affected party. *See* RESTATEMENT (SECOND) OF JUDGMENTS, §§ 1, 81 (1980). This distinction is significant because, under Section 1738, Title 28 of the United States Code, the Court is obligated to give orders of the Virgin Islands courts "the same full faith and credit . . . as they have by law or usage in [the Territory of the Virgin Islands]." 28 U.S.C. § 1738. In the Virgin Islands, an order of the Superior Court may only be collaterally attacked if it is void. *See In re Guardianship of Smith*, 54 V.I. 517, 525-26 (V.I. 2010) (citing *People ex rel. Emmerson v. Lee*, 143 N.E. 196 (Ill. 1924)).

"Ordinarily, procedural errors--no matter how egregious--will not constitute jurisdictional defects that render a

judgment or order void." *Id.* at 526 (citing *Morrison v. Bestler*, 387 S.E.2d 753, 756 (1990) (citing RESTATEMENT (SECOND) OF JUDGMENTS, § 11 (1980))). "However . . . when a statute establishes a specific procedure for invoking the Superior Court's jurisdiction, the failure to follow that procedure deprives the Superior Court of its jurisdiction." *Id.* (holding that procedures in incompetency proceedings--such as serving the ward or holding a hearing within a certain period of time--must be followed strictly) (citing *Mercer v. Bryan*, 53 V.I. 595, 599 (V.I. 2010) ("When the time to appeal or seek review is established by statute, timeliness is a jurisdictional issue . . . .")).

A petition for appointment as a personal representative must include "the facts necessary to give the court jurisdiction, *and* the names, age, and residence, so far as known of [the decedent's] heirs." V.I. CODE ANN. tit. 15, § 232 ("Section 232") (emphasis supplied).

"The usual meaning of the word 'and' . . . is conjunctive, and 'unless the context dictates otherwise, the 'and' is presumed to be used in its ordinary sense.' " *Reese Bros., Inc. v. United States*, 447 F.3d 229, 235-36 (3d Cir. 2006) (quoting *Am. Bankers Ins. Grp. v. United States*, 408 F.3d 1328, 1332 (11th Cir. 2005)). Thus, the placement of the conjunction in Section 232 suggests that identifying all potential heirs is not

necessary for the Superior Court to take jurisdiction. Instead, it suggests that a petitioner must make at least two separate allegations: one of the facts necessary for jurisdiction, and one listing all potential heirs. The facts necessary to give the court jurisdiction are simply that there was a decedent who had some estate and died either intestate or with a will. *See id.*; V.I. CODE ANN. tit. 15, § 161; V.I. CODE ANN. tit. 5, § 76.

This reading of Section 232 is consistent with Section 236's provision that parties seeking to be appointed personal representatives "shall be deemed to renounce their right thereto" if they do not apply for such appointment within thirty days of the death of the decedent. V.I. CODE ANN. tit. 15, § 236(b). Indeed, Section 236 merely provides that a "court in its discretion *may* direct [that notice be given to the heirs], requiring them within such period to apply for or renounce their right of administration." V.I. CODE ANN. tit. § 236(b) (emphasis supplied). Even if it is required that such notice be given, the Court is unaware of any statute or decision providing that such notice is a jurisdictional prerequisite.

Courts must "examine [a] statute as a whole, rather than considering provisions in isolation." *Murphy v. Millennium Radio Grp. LLC*, 650 F.3d 295, 302 (3d Cir. 2011). Moreover, "courts should endeavor to give meaning to every word which [the Legislature] used and therefore should avoid an interpretation

which renders an element of the language superfluous." *Rosenberg v. XM Ventures*, 274 F.3d 137, 141 (3d Cir. 2001) (citing *United States v. Alaska*, 521 U.S. 1 (1997); *United Food & Commercial Workers Union Local 751 v. Brown Grp., Inc.*, 517 U.S. 544, 550 (1996); *First Bank Nat'l Ass'n v. FDIC*, 79 F.3d 362, 367 (3d Cir. 1996). Reading Section 232 in conjunction with Section 236, it is clear that while the Legislature intended for those applying to be personal representatives list all heirs and contact them when appropriate, it did not intend for those requirements to be essential to the Superior Court's jurisdiction. This Court cannot ignore the structure of Section 236, which places the burden on the heirs to participate in the appointment process. Likewise, Section 236 provides only that a court "may" require that the heirs be notified of the appointment proceeding, not that the heirs must be notified in all cases. Thus we cannot say that Sukow's failure to list or notify Wallis of his Petition deprived the Superior Court of jurisdiction.[1]

Accordingly, the Sukows have shown by a preponderance of the evidence that Dale Sukow has standing to bring this action, as Dale Sukow has been appointed personal representative of the

---

[1] Although it is unclear whether Wallis was aware of the Petition at the time it was made, she has since submitted a declaration in which she asserts no objection to the appointment of Dale Sukow as personal representative of the Estate of Marcus Sukow.

Estate of Marcus Sukow by an order of the Superior Court that is not void for want of jurisdiction. The Court will accordingly deny the motion of Clarke and the United States to dismiss this action.

In the alternative, Clarke and the United States request that this Court stay this matter until the question of the appropriate personal representative is resolved. However, as discussed above, whether or not Dale Sukow is in fact the appropriate representative does not bear on the question of Dale Sukow's standing to bring this claim so long as Dale Sukow was appointed personal representative by a court order that is not void. It is well-established that federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817. Having been satisfied that the exercise of this court's jurisdiction is appropriate in this matter, the Court declines to stay this proceeding simply for the purpose of relitigating an issue of territorial law in a territorial court.

An appropriate order follows.

S\_____
**Curtis V. Gómez
Chief Judge**